30 A.3d 262

Sandra PERRY

v.

**DEPARTMENT OF HEALTH AND MENTAL HYGIENE,**
Wicomico County Health Department.

No. 00763, Sept. Term, 2010.

Court of Special Appeals of Maryland.

Oct. 27, 2011.

**634**

Hillary G. Davis, Towson, MD, for appellant.

Davis R. Morgan (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: ZARNOCH, WRIGHT and RAYMOND G. THIEME, JR. (Retired, Specially Assigned), JJ.

THIEME, J.

Appellant, Sandra Perry, appeals the May 4, 2010, Memorandum Decision and Order of the Circuit Court for Wicomico County, dismissing her administrative appeal of an adverse employment action implemented by the Wicomico County Health Department (WCHD). In her timely appeal, appellant raises one question for our review which we have rephrased slightly: Did the circuit court err in granting WCHD's motion to dismiss, thereby denying appellant's request for judicial review on the merits of her grievance appeal?

For the reasons set forth below, we shall affirm the judgment of the circuit court holding that administrative mandamus was the appropriate vehicle to invoke the original jurisdiction of the circuit court, but that mandamus does not lie in the instant case.

## FACTUAL AND PROCEDURAL HISTORY

Appellant was employed by WCHD as an Agency Procurement Associate II. In January 2009, appellant applied for a position as an Agency Procurement Specialist II.[1] Shortly thereafter she was notified, along with the other applicants for the position, that no one met the minimum qualifications for the promotion. The position was reclassified at the Trainee Level. On January 6, 2009, appellant indicated that she would like to be considered for the position at the Trainee Level. The Trainee level position was later filled by another applicant.

On April 15, 2009, appellant was notified that she was being laid off from WCHD. In conjunction with the Department of Health and Mental Hygiene (DHMH), WCHD worked with appellant to identify reassignment opportunities. Appellant accepted a lateral position as an Agency Procurement Associate II at Deer's Head Center. Appellant's reassignment to Deer's Head Center commenced on July 1, 2009.

On July 2, 2009, appellant filed a grievance challenging the denial of her application for a promotion to the position of Agency Procurement Specialist II. On July 17, 2009, appellant received a response from WCHD indicating that a hearing was being scheduled pursuant to State Personnel and Pension Section 7–201. On August 10, 2009, an appeal hearing was conducted before Lori Brewster, the Health Officer of the

---

1. The State has argued based upon language in appellant's original appeal and grievance form, that appellant never actually applied for the position to which she claims entitlement. Based upon the arguments presented at oral argument as well as the findings of the circuit court set forth in its Memorandum Opinion and Order, we are persuaded that appellant did, in fact, submit an application for the position of Agency Procurement Specialist II.

WCHD. Ms. Brewster issued a written decision on August 17, 2009, notifying appellant that her appeal was being denied on the basis that there was nothing illegal or unconstitutional alleged in her appeal.

As a result of Ms. Brewster's decision, appellant filed a petition for judicial review under Maryland Rule 7–401 seeking administrative mandamus in the Circuit Court for Wicomico County on September 16, 2009. The only issue before the circuit court was whether appellant had alleged sufficient facts to entitle her to a full evidentiary hearing.

WCHD filed a motion to dismiss appellant's appeal on October 22, 2009. On November 2, 2009, appellant filed an opposition to WCHD's motion to dismiss. WCHD filed a reply to appellant's opposition on March 31, 2009. The circuit court heard oral argument on April 7, 2010, and granted appellant leave to file a subsequent response by April 19, 2010. On April 26, 2010 the court issued a Memorandum Opinion and Order granting WCHD's motion to dismiss. In its opinion, the circuit court concluded that appellant had failed to allege sufficient facts to support the conclusion that she was deprived of a substantial right by WCHD's actions. This appeal followed.

Additional facts will be provided as necessary to support the analysis of the issues.

## ANALYSIS

Appellant contends that under Maryland Rule 7–401 governing administrative mandamus, the circuit court had jurisdiction to review her appeal of WCHD's denial of her promotion. The State responds that whereas appellant failed to demonstrate a clear legal right or protected property interest in the promotion, the circuit court's dismissal of her action was proper. The merit of appellant's arguments regarding the procedures employed by WCHD in relation to the challenged employment actions is not before the Court at this time.

■ Where, as in the instant case, the judgment of the circuit court pertains solely to conclusions of law, we owe no deference to those decisions, and will review them *de novo*. *Talbot County v. Miles Point*, 415 Md. 372, 384, 2 A.3d 344 (2010) (citing *Belvoir Farms Homeowners Ass'n v. North*, 355 Md. 259, 267, 734 A.2d 227 (1999)(stating that decisions of an administrative agency are owed no deference when the conclusions are based upon an error of law.)); *see also Nesbit v. Gov't Employees Ins. Co.*, 382 Md. 65, 72, 854 A.2d 879 (2004) ("When the trial court's order involves an interpretation and application of Maryland statutory and case law, our Court must determine whether the lower court's conclusions are legally correct under a *de novo* standard of review.") (internal quotation marks and citation omitted).

■ "To the extent issues on appeal turn on the correctness of an agency's factual findings, such evidence is reviewed under the substantial evidence test." *Hurl v. Bd. of Ed. of Howard County*, 107 Md.App. 286, 305, 667 A.2d 970 (1995) (citing *Dep't of Human Resources v. Thompson*, 103 Md.App. 175, 190, 652 A.2d 1183 (1995)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support an agency's conclusion. *Id.* (citations omitted).

Appellant challenged the denial of promotion to the appropriate appointing authority under Title 7, Subtitle 2 of the State Personnel and Pensions Article which provides in pertinent part:

(a) *Who may appeal.*—Any applicant under this title who is not selected for a position may appeal the decision.

(b) *Grounds; to whom appeal made.*—An appeal:

(1) may be made only on the grounds that the decision was unconstitutional or illegal;

(2) may only be made to the appointing authority.[2]

---

**2.** County Health Departments, including WCHD, function as part of the Maryland Department of Health and Mental Hygiene for certain administrative purposes. *See* 83 Op. Atty. Gen. 180 (1998). The Secretary of

(c) *Finality of decision.*—The decision of the appointing authority is final.

SPP § 7–210.

■ The State argues that appellant was required to file her grievance, and exhaust the administrative procedures provided in SPP § 12–201 *et seq.* We conclude, however, that appellant was not eligible to file a grievance under SPP § 12–201, because she was no longer employed by WCHD at the time the appeal was filed. *See Maryland Military Department v. Cherry,* 382 Md. 117, 126, 854 A.2d 1200 (2004) (suggesting in dicta that the Title 12 grievance procedures are not available to former employees). Under SPP § 7–210 there is no requirement that a grievant be presently employed by the appointing authority in order to initiate an appeal. Therefore, as the WCHD appointing authority and the circuit court correctly determined, the appeals procedure outlined in SPP § 7–210 is applicable in the instant case.

■■ "The basis for judicial review of a decision by a local administrative or legislative body acting in an adjudicatory or quasi-judicial capacity may be (1) a statute or (2) common law or an equity writ (mandamus, injunction, certiorari, or declaratory judgment)." *Armstrong v. Mayor of Baltimore,* 169 Md.App. 655, 666, 906 A.2d 415 (2006) (quoting *Criminal Injuries Comp. Bd. v. Gould,* 273 Md. 486, 500, 331 A.2d 55 (1975)). Appellant sought review under the administrative mandamus procedures provided by Maryland Rule 7–401, *et seq.*

Maryland Rule 7–401(a) provides that the "rules in this Chapter govern actions for judicial review of a quasi-judicial order or action of an administrative agency where review is not expressly authorized by law." This Court may reverse or modify the decision of the administrative agency if any sub-

---

Health and Mental Hygiene appoints the Health Officer for each county. Md.Code Health–Gen. § 3–302(a) & (c). In turn, the Health Officer appoints the staff of the local county health departments. Health–Gen. § 3–306. In the instant case, Lori Brewster, the Wicomico County Health Officer, was the appropriate appointing authority.

stantial right of the plaintiff may have been prejudiced because the agency's decision: (A) is unconstitutional; (B) exceeds the statutory authority or jurisdiction of the agency; (C) results from an unlawful procedure; (D) is affected by any error of law; (E) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; (F) is arbitrary or capricious; or (G) is an abuse of its discretion. Md. Rule 7–403. Whereas appellant appears to allege that WCHD's actions denying her a promotion resulted from an unlawful procedure, were unsupported by substantial evidence, were arbitrary and capricious, and/or were an abuse of discretion, jurisdiction in the circuit court was proper under the administrative mandamus procedures. Md. Rule 7–401, 7–403. This case turns upon whether appellant can demonstrate that she had a "substantial right" that was prejudiced by WCHD when she was denied the promotion. Md. Rule 7–403.

■ Even assuming that appellant was fully qualified for the promotion as she alleges in her original grievance form, we must conclude that appellant did not have any "substantial right" to the promotion that she was denied. While we acknowledge that this Court's decision in *Oltman v. Board of Physicians*, 182 Md.App. 65, 957 A.2d 611 (2008), was not an administrative mandamus case, it is instructive on the question of whether appellant had a protected property interest in the promotion she was denied. The *Oltman* Court held that a former physician's assistant whose certificate was properly revoked no longer had any protected property interest in his license. *Id.* at 77–78, 957 A.2d 611. Similarly, in *Dozier v. Dep't. of Human Resources*, 164 Md.App. 526, 883 A.2d 1025 (2005), this Court held that an at-will State employee did not have a protected property interest in his continued employment, and therefore, had no right to mandamus review of his termination. *Id.* at 532, 537–38, 883 A.2d 1025. As these cases demonstrate, appellant cannot claim a substantial right to a position she has never held.

Nor can we conclude that appellant was denied any substantial interest by the procedures utilized by WCHD either in

filling the available position, or in handling appellant's appeal. Appellant alleges that her application was not properly submitted for the promotion, and that she was erroneously advised that she was not qualified for the position. We note that Maryland Rule 7–403 does not provide administrative mandamus review for negligent actions. Md. Rule 7–403. Even if WCHD was mistaken in determining that appellant was not qualified for the Agency Procurement Specialist II position for which she originally applied, such a determination would not be unconstitutional or illegal in the manner prohibited by SPP § 7–201.

Insofar as appellant challenges the procedure utilized to fill the position, we find no error based upon the facts before us. In her August 18, 2009 letter to appellant, Lori Brewster outlined the procedure that had been utilized by WCHD to fill the position of Agency Procurement Specialist at the trainee level. Ms. Brewster acknowledged appellant's application for the position at a II level, but noted that neither appellant, nor the other four applicants for the position, were found to be qualified. Instead, appellant and the other applicants were interviewed for the trainee level position, which would have been a promotion from the position of Agency Procurement Associate II that appellant held at the time. Ultimately, another applicant was chosen for the promotion. Having been given an opportunity to apply, offered an interview, and considered for the position, appellant did not gain any entitlement to the promotion. WCHD's decision to promote one of the other applicants instead was entirely discretionary; and therefore, shall not be too closely examined by this Court on appeal.

Finding that appellant has failed to demonstrate that a substantial right has been prejudiced by WCHD's actions, we conclude that she failed to state a case upon which relief could be granted. Therefore, the circuit court did not err in dismissing appellant's petition for administrative mandamus.

**JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**